IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Wendy Reed, ) | |
| ) | Civil Action No. 2:14-76-RMG-WWD |
| Plaintiff, ) | |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Dorchester County; James Judy; ) | |
| Thomas Limehouse; Mary Pearson, in ) | |
| her capacity as Treasurer of Dorchester, ) | |
| County; and Suzanna H. Davis in her ) | |
| capacity as Delinquent Tax Collector ) | |
| for Dorchester County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Defendant Suzanna H. Davis, Dorchester County, and Mary Pearson's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), and in the alternative, Fed. R. Civ. P. 12(b)(6). [Doc. 11.] The Plaintiff has pled various federal and state law claims regarding her attempt to redeem property sold at a delinquent tax sale.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. The Defendant Thomas Limehouse has appeared *pro se.*

## APPLICABLE LAW

A motion to dismiss, under Federal Rule of Civil Procedure 12(b)(1), examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the Plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without

converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991). To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir.2008) ( quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981)).

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the Plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the Plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)).

2

## DISCUSSION

Properties located at 817 W. Richardson Street and 819 W. Richardson Street, Summerville, Dorchester County, South Carolina (hereinafter collectively "the property") were sold on December 3, 2012, at a delinquent tax sale, pursuant to S.C. Code Ann. § 12-51-40. The plaintiff allegedly has a 1/75 interest in the property through intestate succession. (Amend. Compl. ¶ 10.)  It appears that the Plaintiff does not contest the sale, and stipulated in her Amended Complaint that the taxes on the subject property were delinquent and that all requisite notices required for the sale of the property were properly provided. (Amend. Compl. ¶¶ 23-25.)  Sometime thereafter, the Plaintiff alleges that she attempted to redeem the property, pursuant to S.C. Code Ann. § 12-51-90, but that the Defendants refused to allow her to redeem the property absent proof of an ownership interest in the property. *Id*. ¶¶ 26-30.  The Plaintiff alleges that the Defendants requiring her to provide proof of an ownership interest is discriminatory, conspiratorial, and a violation of various constitutional protections.  Specifically, the Plaintiff has pled claims pursuant to 42 U.S.C. § 3604(b) of the Fair Housing Act, and 42 U.S.C. § 1985(3) and for violations of her rights in due process and equal protection rights and for declaratory and injunctive relief.

The Defendants contend that the Court lacks subject matter jurisdiction over this matter pursuant to the Tax Injunction Act, 28 U.S.C.A. § 1341.  Section 1341 provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  *Id*.  The "Tax Injunction Act creates an absolute jurisdictional bar to federal involvement in state and local revenue collection schemes; as a result, federal courts may not play any role at all in tax enforcement efforts of state or local governments." *Keleher v. New England Tel. & Tel. Co.*, 947 F.2d 547 (2nd Cir. 1991); *see also Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981). "Application of the Tax Injunction Act is not

discretionary; rather, the Act creates a non-waivable jurisdictional bar that absolutely precludes federal courts from assessing the validity of state or local taxation schemes." *Reybold Venture Group, XI-A LLC v. Delaware Department of Educ.*, 947 F. Supp. 2d 430, 435 (D. Del. 2013). Thus, absent a showing by a complainant that state law does not provide a sufficient remedy for her constitutional claims, a federal district court lacks jurisdiction to entertain a challenge to a state's scheme of taxation. *See California v. Grace Brethren Church*, 457 U.S. 393, 407–11 (1982).

The Plaintiff argues, without authority, that the Tax Injunction Act is inapposite because this case regards the redemption of property rather than the assessment, levying, or collection of taxes. She makes no argument in precedent or other persuasive authority. But, courts have agreed that the precise mechanical or procedural description, made by the Plaintiff, of the state tax-related action is not dispositive of whether it qualifies as assessment, levying, or collection of taxes for purposes of the Act. Where the "State is quite clearly seeking to obtain delinquent taxes in the only manner legally available to it, . . . the statutory language of 28 U.S.C. § 1341 prohibits interference by the federal courts." *Fried v. Carey*, 620 F.2d 591, 593 (7th Cir. 1978). In other words, where the federal court case interferes with the State's ability to tax, the Act is implicated. The Plaintiff's attempt, here, to have this Court cure any illegality in the Plaintiff's ability to redeem the property would necessarily interfere with the State's ability to retain the taxes collected through sale of the same, "the manner legally available to it," *id*.

This case, therefore, is emphatically about the State's authority in tax collection. The Plaintiff expressly requests that the Court enjoin the Defendants from prohibiting her ability to redeem the property; declare the sale of the property null and void; require the defendants to void the tax sales of other similarly situated property owners; and other various declarations and relief that affect the State's ability to assess and collect taxes related to the property. (Amend. Compl. ¶¶ 78-90.) As the Defendants have offered, other

courts seem to have specifically agreed that a plaintiff's attempt to set aside a foreclosure or delinquent tax sale is barred by the Act. *See Simon v. Cebrick,* 53 F.3d 17, 22 (3d Cir.1995); *Dawson v. Childs,* 665 F.2d 705, 710 (5th Cir.1982);*Coon v. Teasdale*, 567 F.2d 820 (8th Cir. 1977).

Morever, it is undisputed that the Plaintiff has "a plain, speedy and efficient remedy" in the state court. The state courts of South Carolina have concurrent jurisdiction over all of the claims pled. *See, e.g.*, 42 U.S.C. § 3613(a)(1)(A) (allowing an aggrieved person to bring a Fair Housing Act claim in either federal district court or state court). That is sufficient. *See Wendt v. Leonard*, 60 Fed. Appx. 487, at *1 (4th Cir. 2003); *Johnson v. Michigan Dept. of Treasury*, 2000 WL 571916, at *2 (6th May 04, 2000); *Fried*, 620 F.2d at 593. The Plaintiff makes no argument regarding the availability of remedy in state court.

The fact that the Plaintiff has pled a spectrum of legal theories, in discrimination and law and equity, is of no moment. All of those claims are barred by the Tax Injunction Act. *See California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982); *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 107 (1981); *Dillon v. Mississippi,* 376 Fed. Appx. 421, 423 (5th Cir. 2010); *Coon v. Teasdale*, 567 F.2d 820 (8th Cir. 1977) (constitutional claims). "Taken together, the Tax Injunction Act and the Supreme Court's decision in *McNary* make it clear that a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes ('any tax under state law') if a sufficient remedy (a remedy which the Tax Injunction Act terms "plain, speedy and efficient" and which comity views as "plain, adequate and complete") is available in state court." *Lawyer v. Hilton Head Public Service Dist. No. 1*, 220 F.3d 298, 302 (4th Cir. 2000).

Accordingly, the Plaintiff's lawsuit is an attempt to interfere with the State's ability to tax and her claims have remedy in state court. The undersigned has no discretion to hear them here.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the Defendants' motion to dismiss [Doc. 11] should be GRANTED and that the entire case should be dismissed *with prejudice*.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

July 8, 2014
Charleston, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).