IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Wendy Reed,<br><br>    Plaintiff,<br><br>vs.<br><br>Dorchester County; Mary Pearson,<br>*as Treasurer of Dorchester County*; Suzanna<br>H. Davis, *as Delinquent Tax Collector for*<br>*Dorchester County*; Thomas Limehouse,<br><br>    Defendants. | No. 2:14-cv-76-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge that this matter be dismissed for lack of subject matter jurisdiction. (Dkt. No. 42). For the reasons stated below, the Court ADOPTS the R & R as modified and DISMISSES this action.

## I. Background

Plaintiff alleges that she resides at 817 W. Richardson Avenue in Summerville and that, until a recent delinquent property tax sale, she had a 1/75 interest in this property and an adjacent empty lot through intestate succession. (Dkt. No. 1 at 2). In 2012, both properties were sold at a delinquent tax sale. (*Id.* at 3). Plaintiff alleges that she attempted to redeem the properties four (4) times but the County refused to accept the funds or to allow her to redeem the property unless she could prove ownership. (*Id.* at 4). Plaintiff alleges, among other things, that the Defendants' actions violate the Fair Housing Act, Plaintiff's Due Process rights, and Plaintiff's Equal

Protection rights. (*Id.* at 6-9). Plaintiff seeks damages, declaratory relief, and injunctive relief. (*Id.* at 6-12).

The Magistrate Judge recommended dismissing this action for lack of subject matter jurisdiction pursuant to the Tax Injunction Act, 28 U.S.C. § 1341, which provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." (Dkt. No. 42). Plaintiff has not filed any objections to the R & R.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The responsibility for making a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)). Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## III. Discussion

The Court has carefully reviewed the pleadings, the parties' briefing, and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. The Court agrees that Plaintiff has a plain, speedy and efficient remedy in the state

court and that the Court lacks subject matter jurisdiction under the Tax Injunction Act. A dismissal for a lack of subject matter jurisdiction must be one without prejudice. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands*, LLC, 713 F.3d 175, 185 (4th Cir. 2013). Therefore, the Court modifies the R & R to dismiss the action without prejudice, rather than with prejudice.

## IV. Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R as modified. Accordingly, Defendants' Motion to Dismiss (Dkt. No. 11) is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

July 31, 2014
Charleston, South Carolina

-3-